**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 99-60080

_____

UNITED CAPITOL INSURANCE COMPANY,

                                                          Plaintiff,

VERSUS

PONTOTOC ELECTRIC POWER ASSOCIATION,

                                        Defendant/Third Party Plaintiff,

VERSUS

A B CHANCE COMPANY,

            Third Party Defendant - Appellee/Cross-Appellant,

VERSUS

DAN W WEBB,

                                        Appellant/Cross-Appellee.

_____

Appeal from the United States District Court
For the Northern District of Mississippi

(3:91-CV-19-B)

_____

October 2, 2000

Before KING, Chief Judge, REYNALDO G. GARZA and PARKER, Circuit
Judges.

PER CURIAM:[*]

        Dan W. Webb ("Webb") appeals a sanctions order imposed by the

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

district court. A. B. Chance Company ("Chance") cross appeals, asserting that the sanctions ordered were insufficient. We affirm.

This case arises from an action by United Capitol Insurance Company ("United") against Pontotoc Electric Power Association ("PEPA") to recover payments made to Washington Furniture Manufacturing Company ("Washington") when a fire damaged one of Washington's warehouses. In its second amended complaint, United alleged that "the failure of the transformer fuses to blow when confronted with an electrical malfunction was caused by defective transformer fuses provided and installed by [PEPA] in the delivery of electrical service to the Plaintiff . . . ." PEPA then filed a third-party complaint seeking indemnification against Chance, the manufacturer of all fuselinks used by PEPA in the warehouse. Prior to trial, United withdrew its allegation of defects in the fuselinks and the district court dismissed Chance as a third-party defendant with prejudice, but carried Chance's motion for sanctions against United until the conclusion of the case. The case went to trial and the jury returned a general verdict for defendants.

On October 21, 1997, the district court issued an order granting Chance's motion, finding that United's counsel had violated Federal Rule of Civil Procedure 11 by filing the second amended complaint with no evidentiary support for its faulty fuse claim. Further, the district court found that United's counsel violated 28 U.S.C. § 1927 by filing the second amended complaint and "in refusing to dismiss the claims of defective fuses despite

2

Chance's request to do so." The court stated that United's counsel's response to the sanctions motion demonstrated "the propensity of United's counsel to unreasonably and vexatiously multiply the litigation." The court further determined that United's attorneys "should pay Chance's reasonable attorneys' fees and expenses incurred because of United's frivolous claim for defective fuses," but did not determine the amount of the sanctions.

On January 22, 1999, the district court ordered Webb and his associate J. Max Edwards to take six hours of Continuing Legal Education in ethics within twelve months. In addition, the court fined Webb $7,500.00, to be submitted to counsel for Chance within thirty days. Webb appealed, asserting that he should not have been sanctioned at all. Chance cross appealed, arguing that the $7,500.00 sanction was inadequate because it had incurred actual fees and expenses exceeding $100,000.

We review the imposition of sanctions under either 28 U.S.C. § 1927 or Rule 11 for an abuse of discretion. *Conner v. Travis County*, 209 F.3d 794, 799 (5th Cir. 2000)(28 U.S.C. § 1927); *Thornton v. General Motors Corp.*, 136 F.3d 450, 454 (5th Cir. 1998)(Rule 11). The record, the briefs and the argument of counsel reveal no abuse of discretion in the imposition of sanctions or in their amount. We therefore affirm the orders of the district court.

Chance's motion for additional sanctions against Webb, based on allegations that he abused the appeal process, is denied. Chance's motion for damages and costs in accordance with Federal Rule of Appellate Procedure 38 is denied. Chance's motion for attorney's fees on appeal is denied.

AFFIRMED. Motions for sanctions, damages, costs and attorney's fees DENIED.